# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Angela Murray | Children's Hospital of Philadelphia |
| 1103 North Overhill Court | 3401 Civic Center Blvd |
| Claymont, DE 19703 | Philadelphia, PA 19104 |

**(b)** County of Residence of First Listed Plaintiff   New Castle
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | **LABOR** | |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-2(a)

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   12/15/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Angela Murray | : | CIVIL ACTION |
| v. | : |  |
| Children's Hospital of Philadelphia | : |  |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)


| 12/15/2020 | Graham F. Baird | Angela Murray |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1103 North Overhill Court, Claymont, DE 19703__

Address of Defendant: __3401 Civic Center Blvd, Philadelphia, PA 19104__

Place of Accident, Incident or Transaction: __3401 Civic Center Blvd, Philadelphia, PA 19104__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/15/2020__      _____      __92692__
                          *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| | |
|---|---|
| **A.**  *Federal Question Cases:* | **B.**  *Diversity Jurisdiction Cases:* |
| ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1.  Insurance Contract and Other Contracts |
| ☐ 2.  FELA | ☐ 2.  Airplane Personal Injury |
| ☐ 3.  Jones Act-Personal Injury | ☐ 3.  Assault, Defamation |
| ☐ 4.  Antitrust | ☐ 4.  Marine Personal Injury |
| ☐ 5.  Patent | ☐ 5.  Motor Vehicle Personal Injury |
| ☐ 6.  Labor-Management Relations | ☐ 6.  Other Personal Injury *(Please specify):* _____ |
| ☒ 7.  Civil Rights | ☐ 7.  Products Liability |
| ☐ 8.  Habeas Corpus | ☐ 8.  Products Liability – Asbestos |
| ☐ 9.  Securities Act(s) Cases | ☐ 9.  All other Diversity Cases |
| ☐ 10.  Social Security Review Cases |     *(Please specify):* _____ |
| ☐ 11.  All other Federal Question Cases | |
|     *(Please specify):* _____ | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Graham F. Baird_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __12/15/2020__      _____      __92692__
                          *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA MURRAY | : | |
| 1103 North Overhill Court | : | |
| Claymont, DE 19703 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| CHILDREN'S HOSPITAL OF | : | |
| PHILADELPHIA | : | |
| 3401 Civic Center Blvd | : | |
| Philadelphia, PA 19104 | : | |
| | : | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, ANGELA MURRAY (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, CHILDREN'S HOSPITAL OF PHILADELPHIA ("CHOP") is a business corporation organized by and operating under to the laws of the Commonwealth of Pennsylvania owning, operating and doing business at the above captioned address.

3.      At all times material hereto, Defendant qualifies as Plaintiff's employer pursuant to the Title VII of the Civil Rights Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act ("PHRA").

4.      Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

5.      This action is instituted pursuant to the Civil Rights Act of 1964, the Family and Medical Leave Act, the Pennsylvania Human Relations Act and applicable federal law.

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.      Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II.  Operative Facts.

9.      Plaintiff is an African-American woman.

10.     On or about October 18, 1999, Defendant hired Plaintiff as a blood bank clerk.

11.     In or around November of 2017, Plaintiff was laid off by Defendant, and subsequently rehired by Defendant in or around April of 2018 as an office administrator, the position she held at the time of her termination.

12.     During the course of her employment with Defendant as office administrator, Plaintiff had ongoing issues with Defendant's supervisor, Margaret McDonald, a Caucasian woman.

13.     For example, Ms. McDonald would schedule and hold administration meetings and pointedly not include Plaintiff.

14.    During once instance, Plaintiff observed Ms. McDonald playing ape sounds on her phone, stating the noises sounded like one of Defendant's secretaries who is also an African-American woman.

15.    Ms. McDonald also complained about Plaintiff's use of family and medical leave under the FMLA, which Plaintiff required for care of her special needs child.

16.    On another occasion, Ms. McDonald singled out Plaintiff, (at that time, the only African-American employee within the neonatology administrative suite under Ms. McDonald's supervision), for discipline, stating Plaintiff "smelled like smoke", even though Plaintiff did not smoke cigarettes.

17.    On or about March 19, 2020, Ms. McDonald informed Plaintiff that Defendant was allowing administrative staff to work from home two (2) days a week and in the office three (3) days a week.

18.    However, Ms. McDonald went on to state that due to Plaintiff's FMLA, she would only be allowed to work one (1) day from home, with the rest of her days in the office.

19.    On March 20, 2020, an additional email from Ms. McDonald advised that all administrative staff should work from home full time until the following Friday, March 27, 2020.

20.    On March 30, Plaintiff emailed Ms. McDonald stating she would be in late and that she would be utilizing FMLA time to care for her daughter.

21.    Ms. McDonald's only response was to ask Plaintiff if she was at work yet.

22.    When Plaintiff arrived for work that day, she discovered all the administrative staff was still working from home.

23.    During this time, another employee made an anonymous complaint regarding Ms. McDonald's conduct toward Plaintiff and others to Defendant's corporate complaint line.

24.    On or about April 28, 2020, Plaintiff needed to bring her children (her twelve year old son and her fourteen year old daughter) to work with her.

25.    Plaintiff had done so previously with no issues.

26.    Plaintiff placed her children in a location out of the way where they would not be in contact with anyone or anything.

27.    During her lunch break, Plaintiff re-entered the building and went downstairs to the cafeteria with her children.

28.    Upon her re-entry from the cafeteria, she swiped her ID and was then told by security that she could not have her children there as the hospital was not allowing visitors due to the Covid-19 pandemic.

29.    Plaintiff asked her children to wait in the lobby and then requested the security guard unlock the office so she could gather their belongings.

30.    After unlocking the office door, the security guard asked if someone could pick the children up.

31.    Plaintiff explained that she would call her neighbor.

32.    The security guard then went downstairs while Plaintiff gathered her children's belongings.

33.    Plaintiff returned to the lobby where her children were waiting.

34.    At that time, the security guard asked Plaintiff "what is the name?" which Plaintiff understood to mean that the security guard was asking for the name of the neighbor who was coming to pick the children up, as per the conversation they had just had upstairs.

35.    Plaintiff provided the security guard her neighbor's name and Delaware phone number, which the security guard did not question.

36.    On May 5, 2020, Ms. McDonald called Plaintiff to inform her that she had decided Plaintiff was being terminated for "giving a false name" to the security guard.

36.    Plaintiff was repeatedly singled out for disparate treatment by Ms. McDonald, both due to her race and due to the fact she required FMLA leave to care for her daughter.

37.    Plaintiff was terminated following an anonymous complaint about racial discrimination made against Ms. McDonald on behalf of Plaintiff.

38.    As set forth above, Defendant was hostile to Plaintiff's race and terminated her as a result of that animus.

39.    As set forth above, Defendant terminated Plaintiff in retaliation for taking FMLA leave to care for her special needs daughter.

40.    As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well personal injury, emotional distress, humiliation, pain and suffering and other damages as set forth below.

## III.  Causes of Action.

### COUNT I – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

41.    Plaintiff incorporates paragraphs 1-40 as if fully set forth at length herein.

42.    Defendant took adverse action against Plaintiff by terminating her employment.

43.    Plaintiff's status as an African-American woman places her in a protected class.

44.    Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate her employment.

45.    Plaintiff suffered disparate treatment by Defendant, as described above.

46.    As such, Defendant's decision to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

47.    As a proximate result of Defendant's conduct, Plaintiff sustained substantial damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

48.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

49.    Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

## COUNT II – TITLE VII CLAIM--RETALIATION
### (42 U.S.C.A. § 2000e-3(a))

50.    Plaintiff incorporates paragraphs 1-49 as if fully set forth at length herein.

51.    At set forth above, Plaintiff was targeted after a complaint about racial discrimination in the workplace was made on her behalf and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

52.    Defendant took adverse action against Plaintiff by terminating her employment.

53.    As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

54.    As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, § 704(a).

55.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

56.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

57.     Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorneys fees and court costs.

### COUNT III – VIOLATION OF FMLA—RETALIATION
### (29 U.S.C. §2601 et seq.)

58.     Plaintiff incorporates paragraphs 1-57 as if fully set forth at length herein.

59.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

60.     As described above, Defendant terminated Plaintiff's employment, an adverse action, in retaliation for her exercising her rights to take FMLA leave.

61.     Defendant's motivation in terminating Plaintiff's employment was based, in part, upon her application and utilization of FMLA leave.

62.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

has also sustained work loss, loss of opportunity, and a permanent diminution of her earning

power and capacity and a claim is made therefore.

63.    As a result of the conduct of Defendants' owners/management, Plaintiff hereby

demands punitive and/or liquidated damages.

64.    Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq

Plaintiff demands attorneys fees and court costs.

## COUNT IV – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

65.    Plaintiff incorporates paragraphs 1-64 as if fully set forth at length herein.

66.    At all times material hereto, and pursuant to the Pennsylvania Human Relations

Act, 43 P.S. § 951, et seq, an employer may not racially discriminate or retaliate against an

employee.

67.    Plaintiff is a qualified employee and person within the definition of Pennsylvania

Human Relations Act, 43 P.S. § 951, et seq.

68.    Defendant is Plaintiff's "employer" and thereby subject to the strictures of the

Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

69.    Defendant's conduct in constructively terminating Plaintiff is an adverse action,

was taken as a result of her race, and was taken in retaliation for Plaintiff complaining of race

discrimination, and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. §

951, et seq.

70.    As a proximate result of Defendant's conduct, Plaintiff sustained significant

damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as

emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and

Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

71.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

72.    Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff ANGELA MURRAY demands judgment in her favor and against Defendant, CHILDREN'S HOSPITAL OF PHILADELPHIA jointly and severally, in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering and personal injury damages;

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable..


                              **LAW OFFICES OF ERIC A. SHORE, P.C.**


                        BY: _____
                           **GRAHAM F. BAIRD, ESQUIRE**
                           Two Penn Center
                           1500 JFK Boulevard,  Suite 1240

Philadelphia, PA 19110

Attorney for Plaintiff, Angela Murray

Date:   12/15/2020

# EXH. A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Angela Murray<br>1103 North Overhill Court<br>Wilmington, DE 19810 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 530-2020-03794 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*

**Jamie R. Williamson,**
**District Director**

September 16, 2020

*(Date Mailed)*

Enclosures(s)

cc:

**Abigail Flitter**
**CHILDREN'S HOSPITAL OF PHILADELPHIA**
**Office Of General Counsel/Legal Dept.**
**2716 South Street**
**Philadelphia, PA 19146**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Enclosures(s)

cc: