UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANGELA MURRAY | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:20-cv-06292-JDW |
| | : | |
| CHILDREN'S HOSPITAL OF PHILADELPHIA | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, on this _____ day of November____, 2021, it is hereby ORDERED that Defendant's Motion to Compel is GRANTED. Plaintiff shall provide the following information within 10 days of this Order:

1. Electronically stored information including all text messages from Plaintiff's cell phone, from all cell phone numbers, between Plaintiff and all witnesses, separately and/or in a group, including but not limited to Heather Davis, Harry Ischiropoulos, Deborah McDaniel, Elise Saunders, John Sestito, Lauren Siano, Jennifer Tioseco, and Margaret McDonald and any other co-workers OR Plaintiff shall provide her cell phone to CHOP for forensic analysis.

2  Electronically stored information regarding all email communications from Plaintiff's computer, from any and all of Plaintiff's email accounts, between Plaintiff and all witnesses, separately and/or in a group, including but not limited to Heather Davis, Harry Ischiropoulos, Deborah McDaniel, Elise Saunders, John Sestito, Lauren Siano, Jennifer Tioseco, and Margaret McDonald and any other co-workers OR Plaintiff shall provide her computer to CHOP for forensic analysis.

3. All documentation concerning monies that Plaintiff has earned since June 11, 2021.

        BY THE COURT:

        _____
        ELIZABETH T. HEY, U.S.M.J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANGELA MURRAY<br><br>    Plaintiff,<br><br>  v.<br><br>CHILDREN'S HOSPITAL OF PHILADELPHIA<br><br>    Defendant. | CIVIL ACTION<br><br>NO. 2:20-cv-06292-JDW |

**CHILDREN'S HOSPITAL OF PHILADELPHIA'S**
**<u>MOTION TO COMPEL</u>**

  For the reasons set forth in the accompanying Memorandum of Law, Defendant, The Children's Hospital of Philadelphia ("CHOP"), respectfully requests the Court to compel Plaintiff, Angel Murray, to provide complete and accurate responses to discovery requests. A proposed Order is attached.

              Respectfully submitted,

Dated: November 12, 2021     /s/ Alpa Patel
              NEIL J. HAMBURG
              ALPA PATEL
              ID. Nos. 32175 and 75651
              HAMBURG LAW GROUP, PLLC
              1 Franklin Town Blvd., Suite 1106
              Philadelphia, PA 19103
              (812) 240-9674

              Attorneys for Defendant
              The Children's Hospital of Philadelphia

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| ANGELA MURRAY | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:20-cv-06292-JDW |
| | : | |
| CHILDREN'S HOSPITAL OF PHILADELPHIA | : | |
| | : | |
| Defendant. | : | |

**CHILDREN'S HOSPITAL OF PHILADELPHIA'S
MEMORANDUM OF LAW
<u>IN SUPPORT OF ITS MOTION TO COMPEL</u>**

**I. Introduction**

In this lawsuit, Plaintiff, Angela Murray, sues Defendant, the Children's Hospital of Philadelphia ("CHOP") for firing her for bringing her children to work during a national pandemic without her supervisor's knowledge and authorization, leaving her children unattended in a research building containing highly sensitive lab materials and lying about it. Rather than taking responsibility for her actions, Plaintiff alleges that CHOP discriminated against her because of her race and FMLA status in terminating her employment.

To date, despite CHOP's requests, Plaintiff has failed to provide complete, and in some cases, any, text messages or email communications with witnesses she previously identified and which CHOP requested. On November 11, 2021, Plaintiff provided more text messages between herself and non-party witness Lauren Siano and information her counsel claims reflect her efforts to obtain employment since June 11, 2021. The text messages are obviously incomplete. Further, as discussed in CHOP's concurrent Motion to Modify the Court's August 18, 2021, Scheduling

Order, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, District of Delaware, on October 18, 2021, claiming that she earns a gross monthly income of $4,944.31 from current employment at CHOP.[1] Obviously, this is false. If Plaintiff is earning income, it is not from any employment at CHOP. CHOP is entitled to know what, if any, income Plaintiff has earned since June 11, 2021, from sources other than CHOP.

Since discovery closes on November 30, 2021, CHOP requests the Court to compel Plaintiff to produce (1) electronically stored information of all text messages and emails from Plaintiff's mobile phone and/or personal computer and any other electronically stored information between Plaintiff and all witnesses she has identified, or provide Plaintiff's cell phone and computer for forensic examination and (2) all documentation of monies that Plaintiff has made since June 11, 2021.

## II.     Procedural History and Facts Pertaining to Discovery

On December 15, 2020, Plaintiff through her attorney, Graham F. Baird, Esquire, filed a four count complaint alleging that CHOP terminated her in violation of Title VII of the Civil Rights Act of 1964 because of her race, in retaliation of a discrimination complaint made on her behalf and in retaliation of her FMLA status. Plaintiff also alleged related violations of the Pennsylvania Human Relations Act. CHOP answered the complaint denying Plaintiff's allegations. CHOP terminated Plaintiff's employment for bringing her children to work when no visitors were allowed due to the COVID pandemic, leaving them unattended for hours in a research building, providing a false name to a security guard and lying about the circumstances to her supervisor.

---

[1]     CHOP has simultaneously filed a Motion to Modify the Court's August 18, 2021, scheduling order which sets the discovery cutoff for November 30, 2021, because CHOP learned only 3 days ago that Plaintiff filed Chapter 13 bankruptcy on October 18, 2021. As set forth in more detail in CHOP's Motion to Modify, Plaintiff falsely states that she is employed by CHOP in her bankruptcy petition.

2

On March 30, 2021, Plaintiff provided her initial disclosures. With respect to documents Plaintiff stated the following:

> Pursuant to FED. R. CIV. P. 26(a)(1), Plaintiff may use the following categories of documents, **electronically stored information** and other materials to support her claims against Defendants, as follows: documents created by Defendants related to Plaintiff's employment and claims; employment records and **documented communications relating to and between Plaintiff and her supervisors, managers and co-workers**; any medical records relating to Plaintiff's medical condition, any leave requests and documents reflecting communications relating to Plaintiff's leaves or leave requests, employment files and documents related to other employees similarly situated to Plaintiff; **evidence of mitigation efforts** and Plaintiff's employment documents, including but not limited to the employee handbook.

(Emphasis provided). Also in her disclosures, Plaintiff stated the following regarding witnesses:

> **A.   PERSONS WITH KNOWLEDGE**.
>
> Pursuant to FED. R. CIV. P. 26(a)(1)(A), the following individuals may have discoverable information that Plaintiff may use to support her claims: Plaintiff, Defendant and their employees, management and representatives and individuals identified in Plaintiff's complaint, including Plaintiff, Angela Murray, employees of Defendant including Lauren Siano, Margaret McDonald and Deborah McDaniel and employees of any Third Party FMLA benefits administrator. Plaintiff's treating physicians, doctors and therapists are expected to have information concerning Plaintiff's disability and treatment needed. Plaintiff's medical providers include Dr. Jennifer Tioseco, MD; Dr. Harry Ischaropoulous [*sic*], MD. Other individuals who worked for Defendants are also expected to have information relating to Plaintiff's employment and the reasons for separation from employment. Plaintiff reserves the right to supplement these 2 disclosures in accordance with the Federal Rules of Civil Procedure and any applicable case management order as investigation and discovery are continuing.

(Emphasis in the original).

On June 11, 2021, Plaintiff provided answers to CHOP's Interrogatories and Request for Production of Documents. CHOP's Request for Production of Documents Nos. 3, 4 and 17 requested the following:

> 3.   All text messages, email and/or other communications, correspondence, memoranda or documents that refer or relate in any way to the complaint(s) on CHOP's "complaint line" that you refer to in paragraphs 23 and 37 of

3

>
> your complaint.
>
> 4. All text messages, email and/or other written communications between you and any other person regarding any issue in your complaint, including but not limited to Margaret McDonald, Heather Davis, John Sestito, Elise Saunders, co-workers, and any of the research physicians for whom you performed administrative work.
>
> 17. To the extent not covered by a previous request, all records of communications between you and any person at CHOP that relates to any of the allegations and/or claims you make in the complaint.

In her written response to the above document requests, Plaintiff stated the following:

> 1-6. See attached documents. By way of further answer, investigation and discovery are continuing and Plaintiff reserves the right to supplement these Responses.
>
> 16-17. See attached documents. By way of further answer, investigation and discovery are continuing and Plaintiff reserves the right to supplement these Responses.

Plaintiff did not object to any of the above discovery and produced incomplete information. With respect to Document Request Nos. 3, 4 and 17, Plaintiff provided portions of screenshots from her cell phone of text messages between Plaintiff and Margaret McDonald, Plaintiff's supervisor; portions of screenshots from her cell phone of text messages between Plaintiff and a group of CHOP employees; portions of screenshots from her cell phone of text messages between Plaintiff and Lauren Siano; and random email communications between herself, Ms. McDonald and/or other CHOP employees. Plaintiff purported to provide this information as communications relevant to this lawsuit.

Plaintiff provided no other screenshots of text messages or any other email communications between herself and purported witnesses. A copy of Plaintiff's counsel's cover letter providing responses to discovery and the entire text messages produced in the manner in

4

which they were produced are attached as Exhibit A.[2] It is obvious that Plaintiff self-selected certain text messages out of context and left entire conversations missing. Indeed, the incomplete texts show portions of missing texts that Plaintiff did not produce. Plaintiff produced very few emails between her and witnesses she identified.

Document Request No. 10 requested the following:

10. All job applications and other documents referring or relating to jobs for which you have applied since your termination from employment at CHOP.

In response to Document Request No. 10, Plaintiff stated:

9-10. See attached documents. By way of further answer, investigation and discovery are continuing and Plaintiff reserves the right to supplement these Responses.

Additionally, in response, Plaintiff produced records of various rejection letters from potential employers to which Plaintiff applied up until June 10, 2021.

Plaintiff did not object to any of the above discovery requests. Until November 11, Plaintiff had not served any supplemental responses except for her tax returns and illegible screen shots on November 5, 2021. *See infra* note 3.

On August 3, 2021, CHOP's counsel deposed Plaintiff. During the deposition CHOP's counsel asked Plaintiff if the documents that her attorney produced on June 11, 2021, were complete. The following discussion took place:

Q. Okay. This is the cover letter, and these are the interrogatories. These are the answers to interrogatories, questions that my client asked you. There's your attorney's signature, dated June 11, 2021, and we'll mark that as exhibit two. Angela, are these the answers to interrogatories that you gave in this litigation? Are they true and correct to the best of your knowledge, information and belief?

A. Yes.

---

[2] Because many of these communications involve screenshots from Plaintiff's cell phone it is difficult to show the test messages in the motion. CHOP has attached all the text messages and emails that Plaintiff provided relevant to this motion.

Q. Let me back up. Did you review these answers?

A. Yes, to the best of my knowledge.

Q. Okay. And they're true and correct, to the best of your knowledge?

A. Yes.

MS. PATEL: Okay. And then, I'm going to scroll down. We'll mark that as exhibit two, and we'll scroll down, and this we'll mark as exhibit three.

BY MS. PATEL:

Q. These are the responses to our request for production of documents, and those are the written responses, and then there's several pages of documents that you produced. I'm going to scroll through them. I'd like you to look at them. You'll see they're marked plaintiff with a number down below?

A. Yes.

Q. So some of these are magnified. Tell me if I'm making you dizzy.

A. You're fine.

Q. I'm getting dizzy. Technology is great, but it's nice to have the real stuff in front of you, too. So the last document that's numbered is plaintiff 00075. Are these the responses to the request that you provided? Did you review these, before you gave them to your attorney?

A. Yes, I did.

Q. Were the documents that you gave to your attorney in this case, a full and complete set of documents that you have related to the matters in this case, and related to our request for production of documents?

A. Could you repeat that? I'm sorry.

Q. Yes. Were the documents that you gave to your attorney in this case, a full and complete set of documents in response to our request for production of documents?

A. Yes.

6

Q. Okay. You do not have any other documents in your possession that are not in here; is that correct?

A. You scrolled down so fast –

Q. Want me to scroll back up?

A. Yeah.

Q There were about 75 pages.

A. Okay.

Q. Do you want me to start over from the beginning?

A. That's fine the way you're going. It kind of looks like -- I'm not -- I can't say for sure. What I was looking for was information where the CHOP compliance hotline was informed of situations being done and their response. I don't know if that's attached to this. I didn't see that. **And, also, there are other employment searches and denials that have been received that I didn't submit.** And, also, I was looking for information in regards to being questioned about my FMLA by someone who I never had that conversation with, that informed them it came through a peer or co-peer of mine, from Margaret McDonald, so, I mean, you're scrolling now, and I'm just trying to glance at what exactly I'm reading, but I can't say that this is all that information.

Q. Okay. Yeah, I don't think there's anything in -- you said there was a complaint made?

A. Yes.

Q. Yeah, I don't see anything for –

A. Right. I didn't see CHOP's hotline, compliance hotline, where information had been given to them. Also, where they indicated that they had informed the department's leadership on the incidents -- were made aware to the department leadership about the incidents, and this may have been back in March from the knowledge that was given -- the information given to me, so I don't see that. I would have to submit that to my attorney.

Q. Okay. So then do you have -- you still have some information with you?

A. Right.

Q. In your possession?

7

A. Right. I thought I had sent it, but I'm not sure.

Q. Okay. So, please, provide those to Mr. Baird, and then he can provide them to us.

A. Okay.

Q. You said that there's communication from FMLA that you did not produce, regarding your FMLA, or communication with somebody purporting to be FMLA; is that right?

A. No, no, they had reported the FMLA. **It was more so a conversation where I had been questioned about the FMLA from one of my -- one of my directors that I had been supporting, and no one was aware of my children's special needs situations, except for Margaret McDonald, where she was more so aware of the issues I had been dealing with, with my children, so I thought.**

**Q. Do you have any documentation about that?**

**A. Yes, I do.**

**Q. Okay. So, please, provide that.**

**A. Okay.**

Q. And then, you said you had some documentation about a co-peer with reference to Ms. McDonald? Do you mean an email, or what are you talking about?

A. That was a reference about the -- no. The information pretty much indicates when I was questioned by the director from another secretary, which would've been my peer. They were informed by Margaret McDonald about my FMLA, conversations about it. Also, there was another peer who indicated that they had mentioned this information to CHOP hotline, about what was being said, and this had been in March, when I was still employed at CHOP. At the time, the hotline indicated they sent the information -- they had informed my lead -- the leadership of Margaret McDonald, **so there was information also that I will provide Mr. Graham, pertaining to that as well.**

Q. Okay. Are these emails?

A. **More so texts, the texts from my director, who I was supporting at the time.**

8

> **Q.   Who was your director?**
>
> **A.   Jennifer, Dr. Jennifer Tioseco.**
>
> Q.   I'll get into that later, but how do you spell her name, her last name?
>
> A.   T-I-O-S-E-C-O.
>
> **Q.   So more in the form of texts, not emails, correct?**
>
> **A.   Correct.**

(Exhibit B, *Murray Dep*. p.17:9-23:7) (emphasis provided)

Thus, Plaintiff testified that she did not submit some information regarding text communications with witnesses, particularly Jennifer Tioseco, and other efforts to obtain employment.

Because she had not yet received any of the information, on October 8, 2021, CHOP's counsel, Alpa Patel, emailed Plaintiff's attorney, Mr. Baird to specifically request the information discussed in Plaintiff's deposition, including text messages between Dr. Tioseco and Plaintiff. Ms. Patel also requested Mr. Baird to supplement Plaintiff's answers to CHOP's Interrogatories and Document Requests. Thereafter Mr. Baird and Ms. Patel, communicated by telephone and Mr. Baird assured Ms. Patel that he would provide the requested information. After receiving nothing, Ms. Patel repeated her request on October 22 and October 29, 2021. A copy of the emails between Mr. Baird and Ms. Patel is included in Exhibit C which is attached.

On November 5, 2021, Mr. Baird, deposed a non-party witness, Lauren Siano, who is a former employee of CHOP. During Ms. Patel's cross examination of Ms. Siano, Ms. Patel reviewed screenshots of text messages between Plaintiff and Ms. Siano regarding Ms. Siano's report to CHOP's compliance hotline alleging that Ms. McDonald, Plaintiff's supervisor, made offensive racial comments and engaged in discriminatory behavior. These screenshots of text

9

messages were clearly incomplete. There were no dates on some of them, they were not in chronological order and they contained only portions of a conversation.

At the end of Ms. Siano's deposition, off the record, Ms. Patel asked Mr. Baird to provide complete text messages. Mr. Baird responded that "this is all I have."[3] Later in the day, Ms. Patel wrote to Mr. Baird asking him to provide Plaintiff's cell phone for forensic examination and requested other previously requested information by November 10, 2021. A copy of that letter is attached as Exhibit C.

Faced with CHOP's threatened Motion to Compel, Plaintiff's counsel on November 11, 2021, sent CHOP a letter stating that he was enclosing more text messages between Plaintiff and Ms. Siano and supplemental job applications. Mr. Baird stated that Plaintiff "has no text message or email communications with 'Harry' Ischiropoulos, Jennifer Tioseco, or Ms. McDaniel."

Mr. Baird did not include any information regarding Plaintiff's most recent bankruptcy filing or Plaintiff's alleged current employment. Mr. Baird also objected to CHOP's request for Plaintiff's cell phone for forensic analysis, claiming it was "for the purpose of harassment" and "not proportional to the discovery needs of this case." A copy of the cover letter and text messages is attached as Exhibit D.

Mr. Baird's attestation that Plaintiff does not have any text messages or email communications with Dr. Harry Ischiropoulos is contrary to Plaintiff's deposition testimony. Plaintiff testified that she communicated by email to Dr. Harry Ischiropoulos since she left employment with CHOP:

---

[3] During the deposition, Mr. Baird's assistant finally produced Plaintiff's tax returns which CHOP previously and repeatedly requested. She also provided what appears to be screen shots of messages from a computer regarding compliance reports. They were illegible.

> Q. Did you speak with Harry Ischiropoulous since you left CHOP?
>
> A. Yes.
>
> Q. Okay. And how many times?
>
> A. I think I maybe emailed him once, or he emailed me when I asked him when they wasn't -- my unemployment wasn't coming on, and he told me his son works for, I believe, the congress, or somewhere in the senate, and he gave me the name of the representative that I can contact to help me, because I was unable to feed my children during that time, and it was really hard.

(Exhibit B, *Murray Dep*. p. 220:21-221:8) Also, as regurgitated earlier in this motion, Plaintiff testified that she had text messages between herself and Dr. Jennifer Tioseco. Giving Mr. Baird the benefit of the doubt, either Plaintiff lied at her deposition, or she is lying to her attorney.

Ironically, on November 11, 2021, Mr. Baird also served CHOP with a second set of requests for production of documents, requesting among other things, CHOP employee Margaret McDonald's cell phone.

**III.   Argument**

**The Court Should Compel Plaintiff to Provide Complete Text and Email Communications (Electronically Stored Information) and to Provide Documentation of Her Efforts to Obtain Employment Since June 2021 Because This Information is Relevant and Plaintiff Has an Obligation to Supplement her Answers to Discovery Requests.**

As a general rule, discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure is extremely broad: Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Thus, the parties are limited only by the concept of "relevance," which under Rule 26(b)(1) is defined as any evidence that "appears

11

reasonably calculated to lead to the discovery of admissible evidence." *Miles v. Boeing Co.*, 154 F.R.D. 117, 119 (E.D.Pa. 1994) (granting plaintiff's motion to compel discovery in Title VII action) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978).

Under Rule 34, such discovery may include a request for a party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" electronically stored information or "any designated tangible things" within "the responding party's possession, custody, or control." *Stewart v. First Transit*, No. 18-3768, 2019 WL 13027112, at *1 (E.D.Pa. 2019) (citing Fed. R. Civ. P. 34(a)(1)).

Plaintiff's text message conversations and email communications with witnesses about the claims in her lawsuit are relevant. Although Plaintiff provided some text messages and emails, they are not complete. This is insufficient. Fed. R. Civ. P. 37(a)(4) states:

> (4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Fed.R.Civ.P. 34(a)(1).

Additionally, Plaintiff did not even object to the relevancy of this information and stated at her deposition that she would provide the communications.[4] However, this did not happen. CHOP, by contrast, supplemented its discovery responses by producing full text messages between Ms. McDonald and Plaintiff from Ms. McDonald's cell phone.

If for some inexplicable reason, Plaintiff is unable to obtain her text messages from her cell phone there are other options. She can contact the cell phone provider and authorize them to obtain a transcript of her text messages. Plaintiff could also provide her cell phone to CHOP and CHOP

---

[4] It is unclear as to whether Plaintiff meant emails in her communications, but it is obvious that she did not produce complete email communications which CHOP requested in its discovery requests. Thus, CHOP is also including email communications in its Motion to Compel.

12

will arrange for a forensic analysis of the cell phone. Plaintiff can do the same for her computer.

As discussed in the procedural history above, Plaintiff testified at her deposition that she would provide missing text message communications and more documentation reflecting her efforts to obtain employment since her termination of employment. Up until November 11, 2021, it was obvious that Mr. Baird made little or no effort to confer with his client to follow up, despite Ms. Patel's requests. Mr. Baird's response to Ms. Patel that this was all he had was disingenuous. Courts have stated that counsel has an obligation to oversee compliance with discovery and efforts to retain and produce relevant documents. *See Acosta v. Anchor Frozen Foods Corp.*, No. 17-6559, 2020 WL 7078578, at *6 (E.D.N.Y. 2020) (citations omitted). Furthermore, Fed. R. Civ. P. 26 (e)(1) obligates Plaintiff to supplement discovery:

> (e) SUPPLEMENTING DISCLOSURES AND RESPONSES.
>
> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

It is unlikely that Plaintiff does not have any text messages or email communications with Dr. Ischiropoulos, Dr. Tioseco and Ms. McDaniel as Mr. Baird claims in his November 11, 2021, letter to CHOP counsel, Exhibit D. Plaintiff even testified under oath that she had text messages between her and Dr. Tiosecco and that she emailed Dr. Ischiropoulos after she left employment with CHOP.

There is no excuse for Plaintiff's failure to produce text and email messages between herself and witnesses to the lawsuit. CHOP is also entitled to discover whether Plaintiff is earning

income. Her representation in her October 18, 2021, bankruptcy petition that she is presently working at CHOP and earning money from CHOP is patently false.

**IV.     Conclusion**

For the reasons set forth above, CHOP respectfully requests that the Court compel Plaintiff to provide all and complete text messages and email communications between Plaintiff and witnesses about the claims in this lawsuit or submit her cell phone and/or computer for forensic analysis. CHOP also requests that the Court compel Plaintiff to provide documentation of monies that she has obtained from other employment after CHOP. A proposed Order is attached.

Respectfully submitted,

Dated: November 12, 2021            /s/ Alpa Patel
                                                        NEIL J. HAMBURG
ALPA PATEL
ID. Nos. 32175 and 75651
HAMBURG LAW GROUP, PLLC
1 Franklin Town Blvd., Suite 1106
Philadelphia, PA  19103
(812) 240-9674

Attorneys for Defendant
The Children's Hospital of Philadelphia

## CERTIFICATION

I, Alpa Patel, Esquire, counsel for the Children's Hospital of Philadelphia ("CHOP"), certify under Local Rule 26.1 that the parties, after reasonable effort, have been unable to resolve the dispute referenced in CHOP's Motion to Compel.


Dated: November 12, 2021          /s/ Alpa Patel
                                                ALPA PATEL

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2021, the foregoing Motion to Compel was filed via the Official Court Electronic Document Filing System, and will be available for viewing and downloading from the ECF system and was also served by email upon the following:

> Graham F. Baird, Esquire
> Law Office of Eric A. Shore, P.C.
> 1500 J.F.K. Blvd., Suite 1240
> Philadelphia, PA 19102
> GrahamB@ericshore.com
>
> Counsel for Plaintiff

             /s/ Alpa Patel
             ALPA PATEL

Date: November 12, 2021