UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA MURRAY | : | |
| | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 20-6292 |
| CHILDREN'S HOSPITAL OF PHILADELPHIA | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR PROTECTIVE ORDER OR MOTION TO QUASH SUBPOENA TO PLAINTIFF'S CURRENT EMPLOYER**

**I.      Introduction.**

This case arises out of the wrongful, illegal termination of the Plaintiff, Angela Murray's ("Plaintiff") employment by Defendant, Children's Hospital of Pennsylvania ("Defendant). Plaintiff claims that her employment was terminated based on retaliation for her exercising her rights under the Family and Medical Leave Act and was motivated due to racist animus by her direct supervisor.

Defendant notified Plaintiff that it intends to serve a subpoena upon her current employer, University of Pennsylvania.  [A true and correct copy of the Notice to Serve Subpoena received by the undersigned on November 17, 2021 is attached hereto as Exhibit A.]  Plaintiff, by and through her undersigned counsel objected to the service of the subpoena upon Ms. Murray's current employer.  [A true and correct copy of the Plaintiff's objection is attached hereto as Exhibit B.]  Plaintiff objected on the grounds that the subpoena is harassing and overly burdensome, and potentially subjects the Plaintiff to retaliation from her current employer, by

notifying her employer that she has sued a former employer. The documents sought by Defendant are irrelevant to any material issue in the case and are not relevant to any affirmative defense given the Plaintiff became employed well after her termination by Defendant. [See Exhibit B.]

Along with the subpoena Defendant sought to serve on the Plaintiff's current employer, Defendant also sought to serve subpoenas on Plaintiff's previous employers. Plaintiff had no objection to these subpoenas. [A true and correct copy of the Plaintiff's emails waiving objections to the subpoenas Defendant seeks to propound upon Plaintiff's former employers is attached hereto as Exhibits C and D.] After a good faith effort to resolve this matter, this dispute is ripe for disposition.

**II.     Argument.**

A party who has some personal right or privilege with respect to subpoenaed documents has standing to challenge subpoenas issued to third parties. Davis v. General Accident Insurance Co., 98 CV 4736, 1999 WL 228944 (E.D. Pa., April 15, 1999). Employees have a privacy interest in their employment records and personnel files. Information other than compensation paid by subsequent employers is not reasonably calculated to lead to evidence relevant to issues in this case. Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D. N.Y. 2010).

In Perry v. Best Lock Corp., 1999 WL 33494858 (S.D. Ind. 1999), the Court quashed subpoena duces tecum served on the plaintiff's current, former and prospective employers, noting that the "marginal and attenuated relevance" of the evidence sought was outweighed by the adverse effect on plaintiff's employability. "The potential burdens of the proposed discovery are also substantial in terms of broadcasting to a large group of businesses that [Defendant] views [Plaintiff] as an untrustworthy troublemaker. Id. at *3. A defendant must overcome

plaintiff's concern about the subpoena affecting his employment by presenting "independent evidence that provides a reasonable basis" to suspect that information sought therein exists. Cook v. Foundation Coal West, Inc., No. 07-CV-192-B, U.S. District Court, District of Wyoming (June 3, 2008). See also, Boykins v. Inventive Commercial Services, Case 1:13-cv-02584-YK-KM Document 18 Filed 05/12/14 Page 2 of 4 L.L.C., 2014 U.S. Dist. Lexis 13524. ("Defendants' request overly broad and intrudes into plaintiff's privacy interests" even though defendants stated a plausible justification for subpoenaing records from plaintiff's current employer.)

The Court notes that individuals have "a legitimate privacy interest in information regarding [their] subsequent employment". Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y.2010); see also Mirkin v. Winston Res., LLC, 2008 U.S. Dist. LEXIS 91492, at * 1–2, 2008 WL 4861840 (S.D.N.Y.2008). "[C]ourts ... have recognized that because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort". Id. at 69; see also Conrod v. Bank of New York, 1998 U.S. Dist. LEXIS 11634, at *4–5, 1998 WL 430546 (S.D.N.Y.1998); Gambale v. Deutsche Bank AG, 2003 U.S. Dist. LEXIS 27412, at *5, 2003 WL 115221 (S.D.N.Y.2003); Mirkin, 2008 U.S. Dist. LEXIS 91492, 2008 WL 4861840.

> However, "[t]he concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims ... is not an insubstantial one" although "the authority of the courts to award attorney's fees ... and ... to invoke the provisions of Rule 11 of the Federal Rules of Civil Procedure will deter most abuses". Id. (quoting McKennon v. Nashville Banner Publ. Co., 513 U.S. 352, 363, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995). Further, "[t]he district court's power under Rule 26(b)(2) provides another mechanism for avoiding such abuses". Id.

> The Court notes that a plaintiff may have "a legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties in her new job" such that in order "to overcome this legitimate concern", a defendant "must present independent evidence that provides a reasonable basis for it to believe that [a plaintiff] has filed complaints, grievances, lawsuits, or charges relating to her employment with ... [other employers]". Graham v. Casey's Gen. Stores, Inc., 206 F.R.D. 251, 256 (S.D.Ind.2002).

E.E.O.C. v. Princeton Healthcare System, 2012 WL 1623870 * 21-22 (U.S.D.C. D.N.J. May 9, 2012).

Defendant has made no showing that the information it seeks from Plaintiff's current employer exists, and the subpoena sought to be propounded upon her current employer is an effort to harass, intimidate and scare Plaintiff that her current lawsuit will cause problems with her current employer. Plaintiff has produced all relevant information about his post-termination compensation and is willing to supplement same throughout this litigation in order to demonstrate mitigation of damages and to determine front pay. There is no need to demand documents directly from Plaintiff's current employer and Defendants have identified no legitimate basis to do so. Defendants must obtain discoverable information by less intrusive means where possible. Abu v. Piramco Sea-Tac Inc., No. C08-1167, 2009 WL 279036 (W.D. Wash., Feb. 5, 2009).

### III. Conclusion.

In light of the foregoing, Plaintiff respectfully requests this Honorable Court grant her Motion for a Protective Order and prohibit the Defendant from issuing a subpoena duces tecum to the Plaintiff's current employer, the University of Pennsylvania.

                                          **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                          BY:   /s/Graham F. Baird_____
                                           **GRAHAM F. BAIRD, ESQUIRE**
Date: November 22, 2021                   Attorney for Plaintiff, Angela Murray